UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM A. TERRON,<br><br>Defendant | CRIMINAL NO. 3:18-CR-00413<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This matter comes before the Court on Defendant's Motion for Pretrial Release Due to COVID-19. (Doc. 236). Defendant, William Terron, moves this Court to reconsider its earlier order of detention pursuant to 18 U.S.C. § 3142(f). The Government opposes this motion. (Doc. 241).

I. **BACKGROUND AND PROCEDURAL HISTORY**

On December 11, 2018, Terron was charged by Indictment with conspiracy to distribute and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). (Doc. 38). Terron appeared before this Court for his initial appearance and arraignment on January 10, 2019, at which time Terron waived his right to a detention hearing and was ordered detained pending further proceedings.[1] (Doc. 67, at 2).

---

[1] Both parties submit that this Court conducted a detention hearing and made findings regarding the factors to be considered in determining whether a defendant should be detained under the Bail Reform Act, and whether the presumption of detention applies. No such findings were made. The Order of detention states that the Government sought detention, that the Defendant is charged with a crime to which the presumption attaches, but specifically notes that the Terron waived his right to a detention hearing at that time. (Doc. 67). The issue

Terron is currently housed at Lackawanna County Prison. On April 17, 2020, Terron, through counsel, filed a motion to review detention pursuant to § 3142(f), asking this Court to reopen its order of detention to include consideration of the current COVID-19 pandemic. Terron reports having asthma and increased anxiety and stress, and submits that these conditions place him at higher risk for contracting the COVID-19 virus. Terron also submits that he is concerned about the health of his mother and son and that this is strong motivation for him not to flee. He seeks release to live with his mother, and his children, in Reading, Pennsylvania. (Doc. 236; Doc. 237).

Counsel for Terron filed a Notice with the Court on April 21, 2020 indicating that the parties were unable to come to an agreement regarding Terron's release from detention, or whether a hearing is necessary. (Doc. 239). As the issue of detention was never argued before the Court, the Court conducted a detention hearing on May 11, 2020.

**II.    DISCUSSION**

Under the Bail Reform Act, certain charges, such as those in the instant case, raise a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3). A defendant may rebut the presumption of detention by producing "some credible evidence ... that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The charge against Terron are serious drug

---

of detention was never argued before the Court, and the Court never made any findings as to whether Terron was a danger to the community or a flight risk, or as to whether there are conditions which could address those risks.

trafficking charges which raise the presumption under § 3142(e)(3). In order to rebut the presumption of detention, "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Santiago-Pagan*, 1:08-CR-0424-01, 2009 WL 1106814, at *4 (M.D. Pa. Apr. 23, 2009); quoting *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir.1986). If the defendant is able to meet this burden of production, the government bears the ultimate burden of persuasion. *See United States v. Perry*, 788 F.2d 100, 114–15 (3d Cir.1986). Even if a defendant rebuts the presumption of dangerousness or flight, however, "the presumption does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Santiago-Pagan*, 2009 WL 1106814, at *4; quoting *United States v. Farris*, No. 2:08cr145, 2008 WL 1944131, at *8 (W.D.Pa. May 1, 2008) (internal citations omitted).

Terron seeks release, arguing that the risks associated with being in prison during the COVID-19 pandemic, along with the risks to his mother and children, whom he proffers he could live with and assist if released, weigh in favor of his release. Terron does not rebut the presumption of detention in this case. Rebuttal of the presumption of dangerousness requires a showing that defendant's criminality is a thing of the past. *Santiago-Pagan*, 2009 WL 1106814, at *5. Though Terron submits that the nature of the pandemic and the restrictions on contact and required quarantine will motivate him to comply with all conditions of release, the Court does not find that he has rebutted the presumption of detention with this plan. The record before the Court does not reflect that Terron has respect for the law, personal reliability, or that his criminality is a thing of the past. *Santiago-Pagan*, 2009 WL 1106814, at *5. The Court does not find that Terron has rebutted the statutory presumption of detention.

Even if he had rebutted the presumption, however, consideration of the factors under the Bail Reform Act require that Terron be detained pending trial, as "no condition or combination of conditions will reasonably assure the appearance of the person ... and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). In determining whether any conditions of release will be sufficient, the Court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

First, as to the nature and circumstances of the charged offenses, the Court finds that the offenses alleged against Terron are very serious drug charges which carry with them significant penalties. This factor weighs heavily in favor of detention. *Santiago-Pagan*, 2009 WL 1106814, at *6 (M.D. Pa. Apr. 23, 2009); *United States v. Perry*, 788 F.2d 100, 111 (3d Cir. 1986); *United States v. Rice*, Criminal Action No. 17-CR-1450, 2017 WL 6349372, at *7 (W.D. Pa. Dec. 13, 2017). Second, the weight of the evidence proffered by the Government at the hearing is significant, and favors detention.

Terron's nature and characteristics, the third factor for consideration under the Bail Reform Act, also weigh in favor of detention. Consideration of this factor includes examination of the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past

conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. 18 U.S.C. § 3142(g)(3). The balance of Terron's history and characteristics weighs heavily in favor of detention. His criminal history is lengthy, and includes instances of fleeing or attempting to elude law enforcement. Further, though he submits that he suffers from asthma and anxiety[2] which put him at greater risk with COVID-19, Terron is receiving medical care for his medical issues while in prison. He has offered no plan for medical should he be released, or any indication that the medical care he might receive in the community is better than that which he is receiving while detained, without continuing to be a threat to the safety of others. *See United States v. West*, 2020 WL 1638840, at *2 (D. Md. Apr. 2, 2020) (denying motion for pretrial release where defendant tested positive for COVID-19, holding that he is receiving medical care in jail, he has no plan for medical care should he be released, and that there is no evidence that medical care he might receive in the community is better than that which he is receiving in prison, without continuing to be a threat to the safety of others).

Terron has a history of engaging in dangerous behavior, not complying with terms of release, and being unable to follow rules and orders of the Court. A defendant who is unable

---

[2] It is worth noting that Terron never mentioned either asthma or anxiety in his initial pretrial services interview; it was not until his latest motion for release due to the COVID-19 pandemic that these health issues, which he submits he has had for years, have been brought to either the attention of the Court or pretrial services.

to comply with conditions of release poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties. *United States v. Boatwright*, 2020 WL 1639855, at *8 (D. Nev. Apr. 2, 2020). Terron's release poses a substantial risk to the probation officers tasked with monitoring his behavior while he is out of jail on pretrial release. *United States v. Lee*, 19-CR-298 (KBJ), 2020 WL 1541049, at *5 (D.D.C. Mar. 30, 2020). It may also place the United States Marshals Service officers at risk if re-apprehending him is necessary. *See United States v. Lunnie*, 4:19-CR-00180 KGB, 2020 WL 1644495, at *5 (E.D. Ark. Apr. 2, 2020).

  Finally, the Court considers the fourth detention factor, the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The statute requires the Court to evaluate "*the danger*" that "would be posed *by the person's release.*" *Lee*, 2020 WL 1541049, at *4–5; 18 U.S.C. § 3142(g)(4) (emphases added). Terron's release poses a danger to the community that now includes not only this Court's conclusion that he will continue to engage in the same types of unlawful and potentially dangerous conduct that led to the charges in this case, but also the heightened safety risks that Terron's release poses to the probation officers tasked with monitoring his behavior if he were to be released on supervision. *Lee*, 2020 WL 1541049, at *4-5; *see also United States v. Fiumara*, CR 15-94, 2020 WL 1540486, at *2 (W.D. Pa. Mar. 30, 2020) (motion for release denied, in part, where defendant did not convince the court that her release would not pose a danger to the community).

  Upon consideration of the evidence and proffers advanced by the parties, the Court finds that Terron has failed to rebut presumption of continued danger to the community. Even if he had rebutted the presumption, the Government has shown by clear and convincing

evidence that there is no condition or combination of conditions that would ensure the safety of the community upon his release. Detention pending further proceedings is therefore appropriate.

III.   **CONCLUSION**

The Court has considered the evidence presented by the Government and by Terron, including his medical information, his proposed release plan, and the response of Lackawanna County Prison to the pandemic. However, even considering this information, the balance of the factors under the Bail Reform Act – the nature and circumstances of the offenses charged, the weight of the evidence, the history and characteristics of the defendant, and the danger to the community upon release – mandate that Terron remain detained, as there is no condition or combination of conditions that can reasonably assure the safety of the community or his appearance at future proceedings should he be released.

While the Court is sympathetic to the concerns regarding the spread of COVID-19, and recognizes the potential for Terron's exposure to the virus while at Lackawanna County Prison, that potential exists anywhere in the community. Lackawanna County Prison has taken steps to minimize infection. There is no evidence that Terron is not getting the medical attention he needs.

For these reasons, Terron's motion for pretrial release (Doc. 236) is **DENIED**.

An appropriate Order will follow.

**Dated: May 12, 2020**                                                *s/ Karoline Mehalchick*
                                                                                   **KAROLINE MEHALCHICK**
                                                                                   **United States Magistrate Judge**